(April 30, 1904.)

# HILL v. MORGAN, JUDGE.

[76 Pac. 765.]

WRIT OF MANDATE—DAMAGES AND COSTS.

1. A judge against whom a writ of mandate is granted is not liable in damages to the plaintiff under the provisions of section 4987 of the Revised Statutes.

(Syllabus by the court.)

APPLICATION to assess damages against the defendant judge on an application for a writ of mandate. Denied.

A. G. Kerns, for Plaintiff, files no brief.

C. W. Beale, for Defendant.

Under the mandatory provisions of section 4912, Revised Statutes of Idaho, as amended at pages 231, 232 of the Session Laws of 1899, the plaintiffs were required to file with the clerk of this court and serve upon the attorney for the defendant their cost-bill within five days after the notice of the decision of this court. This they failed and neglected to do. They received notice of the decision on the 29th of February and did not file their cost-bill until the 7th of March. Under the decision of this court, such negligence and failure to file with the clerk their cost-bill within five days absolutely bars them from the recovery of costs. We contend that the decision of this court has settled this matter beyond the peradventure of any doubt. (*Stickney v. Berry,* 7 Idaho, 303, 62 Pac. 924; *Griffith v. Montandon,* 4 Idaho, 75, 35 Pac. 704.) Counsel for defendant found authority for his double motion to strike the cost-bill from the files, and, in the event of the denial of that motion, to retax the same, in the case of *Berry v. G. V. B. Min. Co.,* 5 Idaho, 691, 51 Pac. 746. This case never having been submitted to a jury for consideration nor to a referee, this court, in our humble judgment, has no jurisdiction, under section 4987, to fix any damages against the defendant.

SULLIVAN, C. J.—This is an application to tax damages and costs against the defendant in the above-entitled proceedings. The opinion in the main case is reported *ante,* p. 718, 76 Pac. 323. After the decision was rendered the plaintiffs moved, under the provisions of section 4987 of the Revised Statutes, to have the plaintiffs' costs and damages taxed against the defendant judge. The facts of the original case are stated in the opinion above referred to and need not be repeated here. Counsel for the plaintiffs filed their amended cost-bill setting forth the following items:

Clerk's fees ...........................$ 30 25
Sheriff's fees for serving writ of mandate....  14 00
Fees of clerk of district court..............   5 00
Damages claimed by the plaintiffs under the
   provisions of said section 4987, consisting of
   attorneys' fees and expense from Wallace to
   Boise, two trips ...................... 400 00

Counsel for the defendant resisted the taxation of said costs and damages except the fees of the clerk of this court. The question, then, is presented, What damages, fees, costs and disbursements can be legally taxed against a judge who makes a mistake in the dismissal of a case and is thereafter compelled to proceed and try the same by mandate from this court? Said section of the statute above referred to is as follows: "Sec. 4987. If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referee, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue; and a peremptory writ of mandate must also be awarded without delay."

It certainly was not intended by the provisions of that section of the statute to compel a court or judge to pay damages in case he made a mistake in deciding a question before him. So far as damages are concerned, the law does not contemplate that the judge or court shall be mulct in damages in case a mistake is made in the decision of the case, and for that reason the provisions of said section in regard to damages do not

apply to courts or judges. The actual court costs of such a proceeding are usually taxed to the judge in case the writ is issued with the understanding that the party in whose favor the decision of the trial court or judge was rendered will see that such costs are paid. The only costs in this case that are properly chargeable are the actual court costs of this court, which amount to $44.25; $5.50 of those costs were made by the defendant. The said costs of $44.25 are taxed against the defendant, with directions that the defendants in the original suit pay the same. The motion to tax costs is granted as above stated, and not otherwise.

Stockslager and Ailshie, JJ., concur.